**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| LILLIAN ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: |
| | ) | |
| PENN SPORTS INTERACTIVE, LLC, and | ) | |
| AMERISTAR CASINO EAST CHICAGO | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

COMES NOW Defendants, Penn Sports Interactive, LLC and Ameristar Casino East Chicago, LLC, by counsel, Edward W. Hearn and Catherine Hurst of JOHNSON & BELL, P.C., pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446, and hereby file their Notice of Removal of the cause entitled Lillian Ellis v. Penn Sports Interactive, LLC and Ameristar Casino East Chicago, LLC, filed in the Lake Superior Court, Lake County, Indiana, under cause number 45D05-2209-CT-000864.  As grounds for removal, Defendants state the following:

1.      Plaintiff commenced an action against the above-referenced Defendants on September 2, 2022, by filing a Complaint in the Lake Superior Court of Lake County, Indiana, under Cause Number 45D05-2209-CT-000864.  A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit A".

2.      On October 13, 2022, Defendant, Ameristar Casino East Chicago, LLC, first ascertained that the case is one which is or has become removable when the Plaintiff refused to stipulate that damages would not exceed seventy-five thousand dollars ($75,000.00) and this

notice is filed within thirty (30) days of receipt of the Plaintiff's refusal. (*See* Exhibit B, Correspondence with stipulation to Plaintiff counsel).

**Diversity of Citizenship**

3.      Defendant, Ameristar Casino East Chicago, LLC, has a single member of the limited liability company, which is Ameristar Casino East Chicago Holdings, LLC.  The sole member of Ameristar Casino East Chicago Holdings, LLC is Pinnacle MLS, LLC; The sole member of Ameristar Casino East Chicago Holdings, LLC is Pinnacle Entertainment, Inc., which is incorporated in Delaware with its principal place of business in Pennsylvania.

4.      Defendant Penn Sports Interactive, LLC has a single member of the limited liability company, which is Penn Interactive Ventures, LLC.  The sole member of Penn Interactive Ventures, LLC is Penn Entertainment, Inc.  Penn Entertainment, Inc is incorporated in Pennsylvania with its principal place of business also in Pennsylvania.

5.      Pursuant to federal law, Ameristar Casino East Chicago, LLC is a citizen of both Delaware and Pennsylvania and Penn Sports Interactive, LLC is a citizen of Pennsylvania. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691 (7th Cir. 2003).

6.      The Plaintiff, Lillian Ellis, is a citizen of the State of Illinois.  (*See* Exhibit A, Plaintiff's Complaint, Par. 1).

7.      Since the Plaintiff and Defendants are "citizens" of different states, there is complete diversity of citizenship between the Plaintiff and the Defendants pursuant to 28 U.S.C. Section 1332(a).

**Amount in Controversy**

8.      In an effort to determine the amount in controversy in this matter, the Defendant Ameristar served Plaintiff's attorney with a request to stipulate that the amount in controversy was less than seventy-five thousand dollars ($75,000.00). Defendant further indicated that if the stipulation was signed and returned within 30-days or October 13, 2022, Defendant would not seek to remove the case to Federal Court. (Exhibit "B") No response was received from Plaintiff by October 13, 2022.

9.      The Seventh Circuit has held that if a plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. *Id.* A stipulation will have the same effect as a statute that limits a plaintiff to the recovery sought in the complaint. *Id.* The Seventh Circuit determined in *Oshana*, that the plaintiff's refusal to admit that her recovery would not exceed $75,000 raised the reasonable inference that it would. *Id.*

10.      Although the Defendants deny the material allegations of the Plaintiff's Complaint, based upon Plaintiff's refusal to enter into a stipulation limiting her damages to less than $75,000.00, and the Complaint indicating Plaintiff suffered personal and pecuniary injuries, there is a reasonable inference that the amount in controversy exceeds the seventy-five thousand dollars ($75,000.00) jurisdictional amount, exclusive of interests and costs. (*See* Exhibit A).

11.      This Court has original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. Section 1332(a) which states that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. Further, for the reasons stated in the

previous paragraphs, this action may be removed pursuant to the provisions of 28 U.S.C. Section 1441 and Section 1446 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

12.     Upon filing this Notice for Removal, the Defendants will give written notice of removal to all attorneys of record and the Clerk of the Lake County Superior Court.

13.     Pursuant to 28 U.S.C. Section 1446(a), accompanying this Notice shall be Plaintiff's Complaint and Summons.  Defendant's responsive pleading is due to be filed by November 7, 2022.

14.     The Defendants demand a trial by jury on all issues triable by jury.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

By:      */s/Edward W. Hearn*
Edward W. Hearn, #18691-64
Catherine Breitweiser-Hurst, #26779-45
11041 Broadway
Crown Point, IN 46307
219/791-1900
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 25, 2022, the foregoing document was filed using this Court's

CM/ECF system and this document was served on all counsel of record via electronic mail at:

Michael McCready: service@McCreadylaw.com;

Mandy Grace: service@McCreadylaw.com

*/s/  Edward W. Hearn*
Edward W. Hearn Attorney at Law