**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LILLIAN ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:22-CV-308-TLS-JPK |
| | ) |
| PENN SPORTS INTERACTIVE, LLC, and | ) |
| AMERISTAR CASINO EAST CHICAGO, LLC, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a Motion To Withdraw Appearance For Plaintiff. [DE 23]. The Court

orally denied the motion without prejudice at the telephonic status conference on June 16, 2023,

indicating that a written order would follow. *See* [DE 28]. This is the Court's written order on the

motion.

The district court has discretion in deciding whether to grant or deny a motion to withdraw

an attorney appearance from a case. *See Brown v. City of Fort Wayne*, No. 1:09-CV-150, 2011 WL

3423783, at *1 (N.D. Ind. Aug. 4, 2011) (citing *Barbee v. L. Fish Furniture Co.,* No. 1:05–cv–

00550, 2006 WL 3201938, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real

Estate, Inc*., 694 F.2d 1081, 1087 (7th Cir. 1982))). When an attorney seeks to withdraw from a

case and no substitute counsel have appeared, the court must consider whether the client objects

to the withdrawal. In the absence of an affirmative showing that the client consents to the attorney's

withdrawal, "the attorney must show a valid and compelling reason for allowing withdrawal

despite the presumed objection." *Fiscus v. Silgan Plastics Corp*., No. 1:05-CV-157-DFH-VSS,

2005 WL 1528232, at *1 (S.D. Ind. June 28, 2005). Indiana Rule of Professional Conduct 1.16

sets forth various bases upon which an attorney of record may withdraw his or her representation of a party, including simply that "good cause for withdrawal exists." Ind. Rules Prof. Conduct, Rule 1.16(b)(7). Nevertheless, "the court must consider the interests not only of the counsel but also the client, the other parties, and the court," and "[t]he court has a responsibility to mitigate the effects on other parties and the court of any breakdown in what might otherwise be a private relationship between plaintiff and his attorneys." *Fiscus*, 2005 WL 1528232, at *1. "Because of the challenges that a *pro se* party can pose for both the court and the opposing party, the court does not routinely grant motions to withdraw." *Id.* Indiana's Rule of Professional Conduct state that "[w]hen ordered to do so by a tribunal, a lawyer *shall* continue representation notwithstanding good cause for terminating the representation." Ind. Rules Prof. Conduct, Rule 1.16(c) (emphasis added).

At the telephonic status conference, Plaintiff indicated she objected to her counsel's withdrawal. The Court then proceeded ex parte to allow Plaintiff to present her objection and counsel to respond with the reasons for seeking to withdraw. Although the reasons Plaintiff's counsel gave satisfied the good cause standard, counsel agreed to continue the representation for the purpose of conferring with opposing counsel regarding a possible joint request for a settlement conference.

Accordingly, the Motion To Withdraw Appearance For Plaintiff **[DE 23]** is **DENIED without prejudice**. Should Plaintiff's counsel renew the motion to withdraw, counsel must set forth in the renewed motion sufficient information for the Court to determine whether the standards for allowing such a motion, as discussed in this order, are met.

So ORDERED this 30th day of June 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR

2

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT